**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
ATAOLAH SHAOULI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ATAOLAH SHAOULI,**<br><br>         Plaintiff,<br><br>    vs.<br><br>**NORTHSTAR LOCATION SERVICES, LLC,**<br><br>         Defendant(s). | Case No.: 2:20-cv-10255<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## INTRODUCTION

1. ATAOLAH SHAOULI ("Plaintiff") brings this action to secure redress from NORTHSTAR LOCATION SERVICES, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

Plaintiff also brings this action to secure redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788].

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Los Angeles County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in New York. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff and Plaintiff's family members in connection with collecting on an alleged debt.

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff's home telephone number. Despite clearly having Plaintiff's home

telephone number, Defendant contacted Plaintiff's daughter, Plaintiff's daughter's place of employment, Plaintiff's nephew and Plaintiff's brother.

9. Plaintiff's daughter answered a call from Defendant and advised Defendant that Plaintiff could not be reached at that telephone number and to stop calling. Despite having Plaintiff's home telephone number and Plaintiff's daughter's request, Defendant nonetheless placed additional calls to Plaintiff's daughter and left voicemail messages disclosing that the communications was from a debt collector.

10. Within one year prior to the filing of this action and on numerous occasions, Defendant placed multiple calls to Plaintiff's family members from telephone number (866) 224-9824. At all times relevant to this action, Defendant called Plaintiff and Plaintiff's family members from, but not limited to, the forgoing telephone number for the purpose of collecting an alleged debt.

11. Within one year prior to the commencement of this action, Defendant caused Plaintiff's family members telephone to ring to annoy Plaintiff.

12. Within one year prior to the filing of this action, Defendant communicated with Plaintiff's family members with such frequency as to be unreasonable under the circumstances and to constitute harassment.

13. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff and Plaintiff's family members in connection with the collection of the alleged debt.

## FIRST CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated 15 U.S.C. §1692b(1) by failing to identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer.

(b) Defendant violated 15 U.S.C. §1692b(2) by disclosing that such consumer owes a debt.

(c) Defendant violated 15 U.S.C. §1692b(3) by communicating with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

(d) Defendant violated 15 U.S.C. §1692c(b) by communicating in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(e) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

16. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

20. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff.

(b) Statutory damages pursuant to statute(s);

(c) Punitive damages pursuant to statute;

(d) Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e) For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: November 9, 2020          **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*